42 F.3d 1411
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SHIM-A-LINE, INC. and Jack Specktor and Gerald Specktor,
Plaintiffs-Appellees,
v.
NORTHSTAR MANUFACTURING COMPANY, INC. Stempf Automotive
Industries, Inc., Defendants-Appellants.
 No. 94-1179.
 United States Court of Appeals, Federal Circuit.
 Dec. 8, 1994.
 
 Before NEWMAN, PLAGER and CLEVENGER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Northstar Manufacturing Company, Inc. and Stempf Automotive Industries, Inc. (collectively, Northstar) appeal from the January 10, 1994 final decision of the United States District Court for the District of Minnesota granting the motion of Shim-A-Line, Inc., Jack Specktor and Gerald Specktor (collectively, Shim-A-Line) for summary judgment of non-infringement. We independently review the grant of a motion for summary judgment. International Visual Corp. v. Crown Metal Mfg. Co., 991 F.2d 768, 770, 26 USPQ2d 1588, 1590 (Fed.Cir.1993). We affirm.
 
 
 2
 Because this case presents no issue requiring precedential treatment, the opinion is prompt, brief and states only what is necessary to affirm the summary judgment.
 
 
 3
 This is an action for infringement of U.S. Patent No. 4,872,699 (the '699 patent) owned by Northstar. Claim 1 is representative of the claims in suit, and reads:
 
 
 4
 A shim for use in adjusting the camber and toe of a wheel comprising:
 
 
 5
 a tapered shim hub having a periphery; and a plurality of outwardly extending tabs operably, removably coupled to the periphery of said shim hub, said tabs varying radially in thickness around said periphery in accordance with the taper of said shim hub such that said tabs and shim hub together define a shim angle.
 
 
 6
 In order to infringe the '699 patent, Shim-A-Line's accused product must contain a shim "hub" and tabs removably coupled to the periphery of the hub.
 
 
 7
 The district court correctly interpreted the word "hub" according to its ordinary English meaning, requiring among other things that the hub be a continuous link. When the Shim-A-Line device is used in adjusting the camber and toe of a wheel, its hub is broken by the removal of its outwardly extending tabs, destroying the continuity of the hub. Thus, the accused device does not infringe literally and there is no equivalent of a continuous hub in the accused device. With respect to the Shim-A-Line product as an article in use, we therefore affirm the summary judgment.
 
 
 8
 Even if we accepted Northstar's argument on appeal that Shim-A-Line's product as made and sold contains a "hub" as claimed in the '699 patent, we must affirm the summary judgment. The Shim-A-Line shim does not meet the "tabs operably, removably coupled to the periphery of said shim hub" limitation. We construe claims as one of ordinary skill in the art, in light of the specification and drawings. Credle v. Bond, 25 F.3d 1566, 1576, 30 USPQ2d 1911, 1919-20 (Fed.Cir.1994). The only description of tabs provided in the specification describes tabs which are "broken away from the shim hub." As is evident from the drawings, the tabs of the '699 shim are broken away at the periphery, leaving the hub intact. The claims require tabs to be removably coupled to the periphery of the hub--a defined point on the hub--not across and through the entire hub. Thus, the tabs as claimed are removably coupled at the periphery of the hub. In contrast, the tabs of the Shim-A-Line shim extend entirely through the alleged hub, and are not coupled at its periphery. Consequently, the accused device as manufactured and sold does not meet a limitation of the claims literally, and the accused device does not contain any equivalent that is removably coupled at the periphery of the hub.